BERANEK, Judge.
The state appeals the grant of a defendant’s motion to suppress evidence obtained through use of a previously court authorized telephone wiretap. We find error and reverse.
Defendant was charged with three counts of making false statements under oath before a grand jury. While testifying before the grand jury defendant stated she never had telephone conversations with one Dennis Hogan about the price and acquisition of quantities of marijuana, cocaine and quaa-ludes. By information, the state asserted these statements were knowingly false. Defendant moved to suppress evidence of her recorded telephone conversations with Dennis Hogan which had been acquired under a wiretap. issued pursuant to Section 934.09, Florida Statutes (1979). The trial court granted the motion to suppress and the state appeals.
Section 934.09, Florida Statutes (1979), provides numerous safeguards protecting citizens from unwarranted wiretaps. The sole basis for the motion to suppress as adopted by the trial court in its order granting same related to Section 934.09(l)(c) which provides in relevant part as follows:
(1) Each application for an order authorizing or approving the interception of a wire or oral communication shall be made in writing upon oath or affirmation to a judge of competent jurisdiction and shall ... include the following information:
(c) A full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.
Under the procedures required by Section 934.09, Florida Statutes (1979), the state made an application to a circuit judge for authorization to place a tap on Dennis Hogan’s phone. The affidavit was nineteen pages long and, we conclude, fulfilled all the necessary statutory requirements. The affidavit outlined abundant evidence of criminal activity on the part of Dennis Hogan as to his activities in the acquisition and resale of controlled substances. Appel-lee urges that the affidavit demonstrated overwhelming probable cause in regard to Mr. Hogan and that, therefore, there was no necessity for the additional investigatory step of a wiretap. It is certainly true that the state possessed sufficient probable cause to arrest Mr. Hogan on certain drug charges. However, Mr. Hogan was not at this point the sole focus of the state’s investigation. Instead, the state was desirous of investigating the scope of the drug operation and the co-conspirators involved with Mr. Hogan in this operation. The affidavit clearly indicated numerous telephone transactions and other normal investigatory steps had been unsuccessful in disclosing the identity of the co-conspirators. The case of United States v. Armocida, 515 F.2d 29 (3d Cir. 1975), is closely in point. This *342 decision construed the federal counterpart of the Florida wiretap statute. Dealing with a contention similar to that advanced by appellee herein, the Third Circuit Court of Appeals stated as follows:
When the wiretap application was made, the government’s objective was to ascertain the scope of the alleged narcotics conspiracy and to identify the participants. As recited in Greene’s affidavit, the normal investigative techniques utilized were ineffective other than in identifying Gazal as the “street-level” distributor. Affidavit of James P. Greene, supra note 6, at 12. Although the government has actual knowledge of a conspiracy and evidence sufficient to prosecute one of the conspirators, it is unrealistic to require the termination of an investigation before the entire scope of the narcotics distribution network is uncovered and the identity of its participants learned. See United States v. Focarile, 340 F.Supp. 1033, 1042-44 (D.Md.), aff’d sub nom., United States v. Giordano, 469 F.2d 522 (4th Cir. 1972), rev’d on other grounds, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974). We have held that the statutory burden on the government is not great in showing compliance with § 2518(3)(c). Accord United States v. Bobo, 477 F.2d 974, 982-83 (4th Cir. 1973); United States v. Lanza, 356 F.Supp. 27, 30 (M.D.Fla. 1973). As stated, the government need not prove to a certainty that normal investigative techniques will not succeed, but rather need only show that such techniques “reasonably appear to be unlikely to succeed if tried.” Cf. Beck v. Ohio, supra. By this standard, Greene’s affidavit is clearly sufficient to support the finding made by the court. 515 F.2d at 38.
We agree with the view enunciated above. Where the scope of an apparent conspiracy and the identity of the co-conspirators requires it, a wiretap may be authorized when other normal investigatory procedures have failed or appear unlikely to succeed or are otherwise ill advised. One co-conspirator may not preclude the use of evidence acquired through a tap by merely pointing to abundant probable cause already in possession óf the government to arrest others. We therefore conclude that the motion to suppress filed pursuant to Section 934.09(9)(a) was erroneously granted and the order in question is vacated and the matter remanded to the trial court for further proceedings.
ANSTEAD and HURLEY, JJ., concur.